UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAMILTON EQUITIES COMPANY, HAMILTON EQUITIES, INC., ROBERT NOVA, SUZAN CHAIT-GRANDT, MACRON & COWHEY, P.C., and JOHN MACRON,<br><br>                Interpleading Plaintiffs,<br><br>                v.<br><br>BERKADIA COMMERCIAL MORTGAGE, LLC and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br><br>                Interpleaded Defendants. | 12 Civ. 4916 (JGK) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS THE INTERPLEADER COMPLAINT
AS TO DEFENDANT THE UNITED STATES DEPARTMENT
OF HOUSING AND URBAN DEVELOPMENT OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

 

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the United States
Department of Housing and Urban
Development
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2774
Facsimile: (212) 637-2702

REBECCA S. TINIO
Assistant United States Attorney
Of Counsel

Interpleader Defendant the United States Department of Housing and Urban Development ("HUD"), by its attorney, Preet Bharara, United States Attorney for the Southern District of New York, respectfully submits this reply memorandum of law in further support of its motion: (1) to dismiss the Interpleader Complaint as to HUD pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or in the alternative to treat the present motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 56, and to grant summary judgment to HUD; and (2) for an order directing Interpleader Plaintiffs to pay the amount disputed in this case either to contractor G. Fazio Construction Company for work performed on the sprinkler system improvement project at the Grand Manor Nursing & Rehabilitation Center in the Bronx, NY, or to Berkadia Commercial Mortgage, LLC ("Berkadia"), for repayment into the Reserve Fund for Replacements established by contract between HUD and Interpleader Plaintiff Hamilton Equities, Inc. ("Hamilton").  As discussed further below, Interpleader Plaintiffs articulate no valid reason why the Court should not grant the requested relief to HUD.

**ARGUMENT**
**The Interpleader Complaint Should Be Dismissed As Against HUD**

1. **Interpleader Plaintiffs' Admissions**

In their opposition to HUD's motion to dismiss, Interpleader Plaintiffs make crucial admissions.  In particular, in the affidavit of Robert Nova, principal of Hamilton Equities Company and President of Hamilton Equities, Inc., Mr. Nova admits that he received the June 14, 2012 letter and following email of the same date from HUD regarding the Reserve for Replacement Fund (the "Fund") issue.  Dkt. No. 41 ¶¶ 19-20 ("Nova Aff.").  These correspondences, which were authored by HUD employee Ed Chlystek, were attached to HUD's motion as Exhibits 1 and 2 to the Declaration of Sean Kelly.  Dkt. No. 27 ("Kelly Decl.").

Mr. Nova states in his affidavit that he challenged HUD's conclusions in those communications, Nova Aff. ¶¶ 19-21, but he does not claim that the documents presented to the Court as the Kelly exhibits are incorrectly identified, nor does he otherwise question their authenticity. *Id.* Similarly, Interpleader Plaintiffs' response to HUD's Statement of Undisputed Facts – although they strain to insert some sort of denial in response to HUD's reference to the June 14, 2012 correspondences – also does not contend that the Kelly exhibits are inauthentic or incorrectly identified. Dkt. No. 46 ¶ 15. Indeed, Exhibit 2 to the Kelly Declaration clearly shows that Interpleader Plaintiffs' attorney of record corresponded directly with Mr. Chlystek about the June 14, 2012 letter, and was a recipient of the subsequent June 14 email from Mr. Chlystek. Kelly Decl., Ex. 2. Therefore, there can be (and there is) no dispute that Hamilton, by its representatives, received the documents attached as Kelly Exhibits 1 and 2 from HUD.

### 2. The Kelly Exhibits Are Admissible

These admissions by Interpleader Plaintiffs gut their first argument – that the Kelly exhibits are inadmissible. *See* Dkt. No. 45 ("Hamilton Opp."), at 1-3, 6. Indeed, even Interpleader Plaintiffs' memorandum of law admits that "the documents attached to the Kelly Declaration are true copies of original materials." *Id.* at 2. In a spurious attempt to defeat HUD's motion, Interpleader Plaintiffs nonetheless assert, in conclusory fashion, that they "do not accept [the] authenticity, accuracy or relevance" of the Kelly exhibits. *Id.* This assertion by Interpleader Plaintiffs – in the absence of any real challenge to the authenticity of the Kelly exhibits – essentially boils down to the fact that Interpleader Plaintiffs do not accept the <u>legal</u> accuracy of HUD's position as set forth in the Kelly exhibits (*i.e.*, whether HUD was correct in stating that Hamilton should pay the $213,334 [the "Disputed Amount"] to the sprinkler

2

contractor or back to Berkadia), and the <u>legal</u> relevance of the Kelly exhibits to the correct disposition of the Disputed Amount (*i.e.*, whether HUD's June 14, 2012 instructions should be given effect in light of its previous instructions with regard to the Disputed Amount).  These legal questions are properly before the Court for resolution, but they do not render the Kelly exhibits inadmissible.

Neither is it problematic that the Kelly exhibits are attached to a Declaration by Sean Kelly.  Kelly Decl. ¶ 1.  Pursuant to 28 U.S.C. § 1746, the Kelly Declaration was executed "under penalty of perjury that the foregoing is true and correct," and therefore need not be sworn.  Kelly Decl.; 28 U.S.C. § 1746(2).  Further, the substance of the Kelly Declaration shows that it was made on personal knowledge; the Declaration states that Mr. Kelly is not only "the attorney designated by HUD to handle" this case, but also that he has "reviewed all of the filings in this case, and ha[s] also reviewed correspondence <u>and</u> attended meetings between HUD and the parties in this matter" and is therefore "familiar with the facts of this case."  Kelly Decl. ¶ 1 (emphasis added).[1]  In any case, as discussed above, Interpleader Plaintiffs do not seriously challenge the authenticity of the Kelly exhibits.  Lastly, as argued in HUD's motion, these documents are integral to the issue raised in Grand Manor's Complaint and in the Interpleader Complaint arising therefrom – the disposition of the money disbursed from the Fund, including the Disputed Amount.  Dkt. No. 26, at 7 ("HUD Mot.").

There is no reason to delay resolution of the issues relating to the Disputed Amount to permit Interpleader Plaintiffs to take additional discovery, namely the depositions of HUD

---

[1] If the Court wishes, HUD can submit a supplemental Declaration of Sean Kelly explicitly made upon his "personal knowledge."  *See* Fed. R. Civ. P. 56(e)(1).

3

employees Suechen Smith and Ed Chlystek.  Hamilton Opp. at 2-3.  The parties do not dispute the facts most germane to the issue before Court: (1) the Regulatory Agreement between HUD and Hamilton is the only legally relevant contract (Hamilton Opp. at 1); (2) the Regulatory Agreement states that disbursements from the Fund "may be made only after receiving the consent in writing of the [HUD] Secretary" (HUD Mot., Ex. B ¶ 2(a) ["Hamilton Reg. Agmt."]; Dkt. No. 46 ¶ 4); (3) in December 2010, HUD employee Suechen Smith issued a form HUD-9250 containing a special instruction allowing a divided disbursement of $640,000 from the Fund, with $213,334 going to Hamilton, and $426,666 going to Grand Manor's sprinkler contractor (Dkt. No. 46 ¶ 13); and (4) on June 14, 2012, representatives of Hamilton received a letter and an email from HUD addressing the Disputed Amount.  Nova Aff. ¶¶ 19-20.  HUD relies on no documents other than these to establish its view as to what should be done with the Disputed Amount; the legal significance of these documents in relation to this dispute is for the Court to decide.

Interpleader Plaintiffs provide no explanation as to what bearing, if any, depositions of Ed Chlystek and Suechen Smith will have on these very basic facts.  Hamilton Opp. at 2-3. Instead, Interpleader Plaintiffs leave the Court to speculate as to what might be learned from these depositions.  Interpleader Plaintiffs must "show that the material sought is germane to the defense, and that it is neither cumulative nor speculative."  *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994); *see also 210 E. 86th Street Corp. v. Combustion Eng'g, Inc.*, 821 F. Supp. 125, 144 (S.D.N.Y. 1993) (collecting cases and denying plaintiffs' request for additional discovery as "wholly speculative," and because there is "no genuine dispute" regarding the pertinent issue in the case).  Because there is no genuine dispute as to the key facts

4

in this case, and Interpleader Plaintiffs fail to justify their request for further discovery, the Court should not delay resolution of HUD's motion to allow the requested discovery to occur.

3. **The Terms of the Hamilton Regulatory Agreement Require Hamilton to Pay the Disputed Amount as HUD Directs**

The remainder of Hamilton's opposition lays out its disagreement with HUD's position that the June 14, 2012 clarification by HUD as to the Disputed Amount should control, rather than the initial erroneous instructions issued by Suechen Smith. Hamilton Opp. at 3-6. HUD's argument is set forth in its motion, HUD Mot. at 9-11, but certain assertions in Hamilton's opposition require a response.

First, Hamilton's claim that the June 14 clarification provided "no justification as to why the reversal is taking place" is incorrect. Hamilton Opp. at 6. In his June 14, 2012 email (following up on his June 14 letter), Ed Chlystek explained that the initial instructions from Suechen Smith for a divided disbursement were "not [HUD's] normal procedure for releasing Reserve for Replacement funds," and that HUD was not bound by the Lease Amendment between Hamilton and Grand Manor. Kelly Decl., Ex. 2. HUD's June 2012 instructions corrected an erroneous disbursement and recognized the fact that HUD's authority (under the Hamilton Regulatory Agreement) to approve of any disbursements from the Fund is not affected by the Lease Amendment.

Next, Hamilton claims that the Disputed Amount was "clearly surplus cash as defined in paragraph 13(f)" of the Hamilton Regulatory Agreement, and that the payment was made solely pursuant to the Hamilton Regulatory Agreement, not pursuant to the divided disbursement scheme in the Lease Amendment. Hamilton Opp. at 5. Hamilton provides no support for this novel argument, which is contradicted by: (1) the December 2010 HUD instructions on which

5

Hamilton relies (stating clearly that the disbursements being authorized were from the Fund, HUD Mot., Ex. F); (2) Hamilton's own invocation of the Lease Amendment (Nova. Aff. ¶¶ 22-23); and (3) the reliance of Hamilton's counsel on the Lease Amendment in his communication to HUD on June 14, 2012 (Kelly Decl., Ex. 2).  In any case, even if the Disputed Amount could be labeled surplus cash, if it was disbursed from the Fund, it would still be subject to HUD's approval.  HUD Mot., Ex. B ¶ 2(a).

Finally, Hamilton suggests that HUD's position regarding the Disputed Amount constitutes a due process violation and/or a governmental taking.  Hamilton Opp. at 6.  These arguments are facially meritless.  HUD has neither deprived Hamilton of nor taken any of Hamilton's property.  Rather, it has responded to a litigation initiated by Hamilton against HUD by setting forth its views as to the proper disposition of the Disputed Amount, an issue that is now before the Court upon briefing from all parties.

## **CONCLUSION**

For the foregoing reasons, and the reasons stated in its motion to dismiss, HUD respectfully requests that the Court: (1) dismiss the Interpleader Complaint as to HUD, or in the alternative, grant summary judgment to HUD, and (2) order that Hamilton pay the Disputed Amount to Grand Manor's contractor G. Fazio, for work performed on the sprinkler system improvement project at the Grand Manor facility, or to Berkadia for repayment into the Fund.

Dated: New York, New York
December 10, 2012

                Respectfully submitted,
                PREET BHARARA
                United States Attorney for the
                Southern District of New York

By:   */s/ Rebecca S. Tinio*
        REBECCA S. TINIO
        Assistant United States Attorney
        86 Chambers Street
        New York, New York 10007
        Tel.: (212) 637-2774
        Fax: (212) 637-2702
        Email: rebecca.tinio@usdoj.gov