UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
GRAND MANOR HEALTH RELATED FACILITY, :
INC.,                                 :   **DECLARATION OF**
        Plaintiff,           :   **ROY W. BREITENBACH**
  v.                                :
                                      :
HAMILTON EQUITIES COMPANY, HAMILTON   :   12 Civ. 4916 (JGK)
EQUITIES, INC., ROBERT NOVA, SUZAN    :
CHAIT-GRANDT; MACRON & COWHEY, P.C.,  :
and JOHN MACRON,                      :
        Defendants.          :
                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
HAMILTON EQUITIES COMPANY, HAMILTON   :
EQUITIES, INC., ROBERT NOVA, SUZAN    :
CHAIT-GRANDT; MACRON & COWHEY, P.C.,  :
and JOHN MACRON,                      :
                                      :
        Defendants/          :
        Interpleading Plaintiffs,:
  v.                                :
                                      :
BERKADIA COMMERCIAL MORTGAGE, LLC     :
and UNITED STATES DEPARTMENT OF       :
HOUSING ND URBAN DEVELOPMENT,         :
                                      :
        Interpleaded         :
        Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                      :
HAMILTON EQUITIES COMPANY, HAMILTON   :
EQUITIES, INC., ROBERT NOVA, SUZAN    :
CHAIT-GRANDT; MACRON & COWHEY, P.C.,  :
and JOHN MACRON,                      :
                                      :
        Defendants/          :
        Third Party Plaintiffs,:
  v.                                :
                                      :
GRAND MANOR HEALTH RELATED FACILITY,  :
GARFUNKEL WILD, P.C., ROY W.          :
BREITENBACH, ESQ. and MARTIN LIEBMAN, :
                                      :
        Third Party Defendants.:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

2336870v.1

**ROY W. BREITENBACH**, declares under the penalties of perjury and pursuant to 28 U.S.C. § 1746, that:

1. I am a member of the law firm of Garfunkel Wild, P.C., attorneys for the Plaintiff / Third Party Defendant Grand Manor Health Related Facility, Inc., in this lawsuit.

2. I submit this declaration and accompanying memorandum of law in support of Grand Manor's motion for dismissal of Hamilton Equities' Supplemental Interpleader Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A copy of the Supplemental Interpleader Complaint is annexed hereto as Exhibit 1 (the "Complaint").

3. Although Grand Manor was not a named defendant in the Complaint, Grand Manor's application to intervene was granted on consent by the November 14, 2012 Order.

4. As explained in the accompanying memorandum of law, the Complaint seeks mandamus relief against HUD directing HUD to declare Grand Manor in default for an allegedly improper assignment that occurred over twenty years ago or default for allegedly insufficient payments of rent under the parties' lease, or to alternatively compel HUD to review the Lease to ensure that Grand Manor makes payments of rent sufficient to cover Hamilton Equities' mortgage and related obligations. Using HUD as its target, Hamilton Equities hopes to indirectly achieve in this Court what it has yet to obtain directly against Grand Manor in a pending state court proceeding – extracting additional rent from Grand Manor or terminating the Lease.

5. However, this Court should dismiss the Complaint for lack of subject matter jurisdiction because the claims asserted against HUD are not ripe for review. The nature of the relief requested by Hamilton Equities in the Complaint, *i.e.* directing HUD to perform certain administrative tasks only while the current state court lawsuit between the parties is pending, is

2336870v.1

2

tantamount to an admission that: (1) there has not yet been any final agency action that could be subject to the Court's review; and (2) the as-yet-decided state court proceeding necessarily impacts any decision by the Court and may render adjudication moot. Absent finality and clearly defined rights under the circumstances, the Court has no jurisdiction to entertain the Complaint.

6. Furthermore, there is no legal basis, contractual or otherwise, that affords Hamilton Equities the unusual mandamus relief that it requests against HUD (and indirectly against Grand Manor). Indeed, by seeking judicial intervention, Hamilton Equities wholly ignores the administrative remedy, set forth in Grand Manor's Regulatory Agreement, which already provides Hamilton Equities with a mechanism to deal with allegedly insufficient rent payments. Moreover, the mere fact that Hamilton Equities is allegedly losing money under the Lease and cannot pay its mortgage with Berkadia, even if true, does not obviate the requirement that Hamilton Equities abide by the Regulatory Agreement's remedy, since there can be no final agency action absent initial compliance therewith. Dismissal is thus warranted where Hamilton Equities fails to allege any claim upon which relief can be granted.

7. Accordingly, dismissal is warranted under these circumstances.

8. Furthermore, Grand Manor understands that HUD and Berkadia likewise seek to dismiss the Complaint. Grand Manor also joins in the motions to dismiss by HUD and Berkadia for the reasons set forth therein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 21, 2012

                                                          /s/ Roy Breitenbach
                                                       ROY W. BREITENBACH