UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GRAND MANOR HEALTH RELATED FACILITY,
INC.,

                          Plaintiff,

   -against-

HAMILTON EQUITIES COMPANY, HAMILTON
EQUITIES, INC., ROBERT NOVA, SUZAN
CHAIT-GRANDT; MACRON & COWHEY, P.C.,
and JOHN MACRON,

                          Defendants.

12 Civ. 4916 (JGK)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HAMILTON EQUITIES COMPANY, HAMILTON
EQUITIES, INC., ROBERT NOVA, SUZAN
CHAIT-GRANDT; MACRON & COWHEY, P.C.,
and JOHN MACRON,

                          Defendants/
                          Interpleading Plaintiffs,

   -against-

BERKADIA COMMERCIAL MORTGAGE, LLC
and UNITED STATES DEPARTMENT OF
HOUSING ND URBAN DEVELOPMENT,

                          Interpleaded
                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HAMILTON EQUITIES COMPANY, HAMILTON
EQUITIES, INC., ROBERT NOVA, SUZAN
CHAIT-GRANDT; MACRON & COWHEY, P.C.,
and JOHN MACRON,

                          Defendants/
                          Third Party Plaintiffs,

   -against-

GRAND MANOR HEALTH RELATED FACILITY,
GARFUNKEL WILD, P.C., ROY W.
BREITENBACH, ESQ. and MARTIN LIEBMAN,

                          Third Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

2335176v.5

---

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF INTERVENOR'S MOTION TO DISMISS THE SUPPLEMENTAL INTERPLEADER COMPLAINT

---

GARFUNKEL WILD, P.C.
*Attorneys for Plaintiff / Third Party Defendants*
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

Of Counsel:
Roy W. Breitenbach, Esq.
Jason Hsi, Esq.

2335176v.5

## Table of Contents

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

PROCEDURAL HISTORY............................................................................................................2

STANDARD FOR A MOTION TO DISMISS .............................................................................5

ARGUMENT..................................................................................................................................6

POINT I

    THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER HAMILTON EQUITIES' CLAIMS, WHICH ARE NOT RIPE FOR JUDICIAL REVIEW ...............................................................................................................................6

        A.    The Ripeness Doctrine Prevents Pre-Mature Adjudication Of Administrative Actions And An Unnecessary Waste Of Federal Judiciary Resources ...........................................................................................6

        B.    Hamilton Equities' Claims Are Not Ripe For Judicial Review..............................8

            1.    There Are No Allegations Of Any Final Agency Action ...........................8

            2.    Hamilton Equities Will Not Suffer Any Hardship If Its Claims Are Dismissed.............................................................................................9

        C.    Hamilton Equities' Claims For Temporary Relief Pending The Determination Of Dispositive State Court Proceedings Are Not Definite, Concrete Issues .......................................................................................9

POINT II

    HAMILTON EQUITIES has failed to state any claim due to its failure to avail itself of the administrative remedy provided by the regulatory agreement ............................10

CONCLUSION.............................................................................................................................11

## PRELIMINARY STATEMENT

Grand Manor, as intervenor,[1] brings this motion to dismiss Hamilton Equities' Supplemental Interpleader Complaint, which asserts meritless claims against the United States Department of Housing and Urban Development and Berkadia Commercial Mortgage, LLC that affect Grand Manor's tenancy at the premises located at 700 White Plains Road, Bronx, New York (the "Premises").

In essence, the Complaint seeks mandamus relief against HUD directing HUD to declare Grand Manor in default for an allegedly improper assignment that occurred over twenty years ago or default for allegedly insufficient payments of rent under the parties' lease, or to alternatively compel HUD to review the Lease to ensure that Grand Manor makes payments of rent sufficient to cover Hamilton Equities' mortgage and related obligations. Using HUD as its target, Hamilton Equities hopes to indirectly achieve in this Court what it has yet to obtain directly against Grand Manor in a pending state court proceeding – extracting additional rent from Grand Manor or terminating the Lease altogether.

Put simply, this Court should dismiss the Complaint for lack of subject matter jurisdiction because the claims asserted against HUD are not ripe for review. The nature of the relief requested by Hamilton Equities in the Complaint, *i.e.* directing HUD to perform certain administrative tasks only while the current state court lawsuit between the parties is pending, is tantamount to an admission that: (1) there has not yet been any final agency action that could be subject to the Court's review; and (2) the as-yet-decided state court proceeding necessarily

---

[1] By Order, dated November 14, 2012, Grand Manor's application to intervene in the Complaint was granted on consent.

impacts any decision by the Court and may render adjudication moot. Absent finality and clearly defined rights under the circumstances, the Court has no jurisdiction to entertain the Complaint.

Furthermore, there is no legal basis, contractual or otherwise, that affords Hamilton Equities the unusual mandamus relief that it requests against HUD (and indirectly against Grand Manor). Indeed, by seeking judicial intervention, Hamilton Equities wholly ignores the administrative remedy, set forth in Grand Manor's Regulatory Agreement, which already provides Hamilton Equities with a mechanism to deal with allegedly insufficient rent payments. Moreover, the mere fact that Hamilton Equities is allegedly losing money under the Lease and cannot pay its mortgage with Berkadia, even if true, does not obviate the requirement that Hamilton Equities abide by the Regulatory Agreement's remedy, since there can be no final agency action absent initial compliance therewith. Dismissal is thus warranted where Hamilton Equities fails to allege any claim upon which relief can be granted.

Accordingly, Grand Manor's motion to dismiss the Complaint, as well as HUD's and Berkadia's respective motions to dismiss the Complaint, should be granted.

## PROCEDURAL HISTORY

On October 22, 2012, Hamilton Equities served an "Amended Complaint" against HUD and Berkadia. Following a court conference on November 14, 2012, the Amended Complaint is now being treated as a "Supplemental Interpleader Complaint" (hereinafter, the "Complaint"), pursuant to a November 14, 2012 Order. In addition, although Grand Manor was not a named defendant in the Complaint, the Order granted Grand Manor's application to intervene on consent.

As against HUD, the Complaint demands that HUD declare Grand Manor in default under the Lease either for an allegedly improper assignment from the Estate of Bert and Saul Liebman d/b/a Grand Manor Health Related Facility to Grand Manor Health Related Facility, Inc. (First Cause of Action), or insufficient rent (Second Cause of Action), or, alternatively, that HUD initiate review of Grand Manor's rent and "ensure that the said rent is sufficient to pay all mortgage payments including payments to reserves for taxes, insurance etc…" (Third Cause of Action).

Notably, the First Cause of Action purports to seek a declaration from HUD that the intra-family assignment from the Estate of Bert and Saul Liebman d/b/a Grand Manor Health Related Facility to Grand Manor Health Related Facility, Inc. was improper and thus should void the Lease. It is obvious, however, that what Hamilton Equities seeks, in practical effect, is simply a judicial declaration. Hamilton Equities' attempt to couch its relief with an order against HUD is meant to disguise the fact that the parties have already litigated the exact same issue – whether the Lease was properly assigned within the Grand Manor family with HUD's approval, nearly 23 years ago – in the pending state court proceeding. *See Grand Manor Health Related Facility, Inc. v. Hamilton Equities, Inc. et al.* Index Nos. 301880/2008, 303440/2010, 900656/2011 (Sup. Ct. Bronx Co.).

With regard to the Second and Third Causes of Action, Hamilton Equities repeatedly cites to and exclusively relies on section 3 of Grand Manor's Regulatory Agreement with HUD (the "Regulatory Agreement"), which provides:

> (3) Payments by [Grand Manor] to [Hamilton Equities] shall be sufficient to pay all mortgage payments including payments to reserves for taxes, insurance, etc., payments to the Reserve for Replacements, and to take care of necessary maintenance. **If at the end of any calendar year, or any fiscal year if the projects**

3

2335176v.5

> **operates on the basis of a fiscal year, payments under the lease have not been sufficient to take care of the above items, the lessor and lessee upon request in writing from the [Federal Housing] Commissioner shall renegotiate the amounts due under the lease so that such amounts shall be sufficient to take care of such items**; the Commissioner shall be furnished, by the lessee, within thirty days after being called upon to do so, with a financial report in a form satisfactory to the Commissioner covering the operations of the mortgaged property and of the project. (emphasis added)

Notwithstanding Hamilton Equities' reliance on section 3 of the Regulatory Agreement for its Second and Third Causes of Action, Hamilton Equities provides few supporting allegations to evidence its compliance therewith. To be sure, while Hamilton Equities alleges that Grand Manor has not paid sufficient rent for October 2012 – the only month cited for a deficiency – the Complaint is completely devoid of any allegations that either the rent paid has been insufficient at the end of the 2012 calendar year (or fiscal year) for its mortgage and related payments, or that the Federal Housing Commissioner requested the parties to renegotiate the amounts due under the Lease.

As against Berkadia, the Complaint asserts one claim, the Fourth Cause of Action: that Berkadia "apply for the appointment of a receiver to protect the property and its earnings from the predations of" Grand Manor. Although the basis for Hamilton Equities' claim against Berkadia is somewhat unclear, it appears to be rooted in a desire for Berkadia to mitigate its damages against Hamilton Equities.

4

## STANDARD FOR A MOTION TO DISMISS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. *See Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986). Notably, a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).

Although "a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotations omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.*

Hamilton Equities has not satisfied its burden by a preponderance of the evidence to demonstrate that the Court has subject matter jurisdiction herein because, as set forth below, Hamilton Equities' claims are not ripe for judicial review. Even if Hamilton Equities can establish that the Court has subject matter jurisdiction – although it cannot – Hamilton Equities fails to state any claims upon which relief may be granted against HUD and Berkadia.

2335176v.5

## ARGUMENT

## POINT I

## THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER HAMILTON EQUITIES' CLAIMS, WHICH ARE NOT RIPE FOR JUDICIAL REVIEW

According to the Complaint, Hamilton Equities is seeking mandamus relief against HUD following Hamilton Equities' request that HUD "undertake a review of payments in relation to the requirements of the Regulatory Agreement," and HUD's apparent failure to do so. *See* Complaint, ¶ 25. Unsatisfied by HUD's lack of response, Hamilton Equities now hopes to push HUD into immediate consideration of the matter by invoking the Court's review. This attempt, however, is legally unjustified because HUD never performed any final agency action subject to judicial review (in fact, no agency action is warranted or appropriate). In sum, this matter is not ripe for adjudication.

A.  **The Ripeness Doctrine Prevents Pre-Mature Adjudication Of Administrative Actions And An Unnecessary Waste Of Federal Judiciary Resources**

The Supreme Court recognized in *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1966) that injunctive and declaratory judgment remedies are discretionary, and that courts have traditionally been "reluctant to apply them to administrative determinations unless these arise in the context of a controversy 'ripe' for judicial resolution." *Id.* at 148. According to the Supreme Court, the basic rationale underlying the ripeness doctrine in connection with administrative action is to:

> prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Id.* In addition, the doctrine prevents the premature adjudication of issues that may never arise, which would thereby result in a waste of federal judiciary resources. *See Pacific Gas & Elec. Co. v. State Energy Resources Conserv.n and Dev. Comm'n*, 461 U.S. 190, 203 (1983).

A dispute is ripe for adjudication when there is "a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("To be cognizable in a federal court, a suit 'must be definite and concrete, touching the legal relations of parties having adverse legal interests.... It must be a real and substantial controversy....' ").

In *Abbott Laboratories*, the Court articulated a two-pronged test for determining whether a matter is ripe for review. The relevant inquiries are whether the issues tendered are appropriate for judicial resolution and whether the parties would encounter hardship if relief were denied. *See also Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) (citing *Abbott Laboratories*); *New York City Health & Hospitals Corp. v. Heckler*, 593 F. Supp. 226, 231 (S.D.N.Y. 1984).

If the matter is not ripe for review, the Court must dismiss for the lack of subject matter jurisdiction over the claims. *See Simmonds v. I.N.S.*, 326 F.3d 351, 357 (2d Cir. 2003) ("a determination that a case is not "ripe," under either doctrine, results in dismissal, either for lack of jurisdiction or pursuant to a refusal to exercise jurisdiction").

**B.     Hamilton Equities' Claims Are Not Ripe For Judicial Review**

1.     There Are No Allegations Of Any Final Agency Action

Here, there is simply no basis upon which to find that HUD performed any final agency action subject to judicial review under the APA (or even any action which is warranted or appropriate under the circumstances).  In the absence of any final agency action, the Court lacks subject matter jurisdiction. 5 U.S.C. § 704; *Air Espana v. Brien*, 165 F.3d 148, 152 (2d Cir. 1999) ("requirement of finality is jurisdictional").

While Hamilton Equities alleged in its Complaint that it requested HUD to undertake a review of payments and speculated as to why HUD allegedly failed to do so, such allegations clearly do not demonstrate that HUD performed any final agency action.  *See Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008) ("The core question for determining finality is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties").  Here, there are no allegations that HUD completed any decisionmaking process, or that any specific HUD action directly affects the parties.  If anything, Hamilton Equities' claims for relief highlight the fact that no agency action has been performed, since Hamilton Equities is requesting that HUD actually perform its alleged discretionary duties in the first place.  *See Seafarers Int'l Union of N. Am., AFL-CIO v. U.S. Coast Guard*, 736 F.2d 19, 27-28 (2d Cir. 1984) ("inaction simply does not constitute final agency action").

Further confirming that no final agency action has taken place, there is no factual or administrative record proffered which the district court can review, thus further warranting dismissal.  *See id.* at 27-28.

8

2335176v.5

2. <u>Hamilton Equities Will Not Suffer Any Hardship If Its Claims Are Dismissed</u>

Hamilton Equities also cannot demonstrate that it would suffer any hardship if its claims against HUD were dismissed. This is because Hamilton Equities' claims stemming from the Lease – including the alleged issues of an improper assignment dating back to 1990 and insufficient payments of rent – are already *sub judice* before the New York State Supreme Court, which conducted a trial over a year ago. Thus, withholding judicial review will have no adverse impact on Hamilton Equities or otherwise prejudice its rights under the Lease.

C. **Hamilton Equities' Claims For Temporary Relief Pending The Determination Of Dispositive State Court Proceedings Are Not Definite, Concrete Issues**

The ripeness doctrine's purpose in preserving judicial resources and avoiding piecemeal litigation also militate against entertaining any of Hamilton Equities' claims for mandamus relief pending a state action for damages. *F.T.C. v. Standard Oil Co. of California*, 449 U.S. 232, 242, 101 S. Ct. 488, 494 (1980) ("Intervention also leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary").

Again, Hamilton Equities concedes that there is already an action in the state court on grounds similar to those raised herein, including, but not limited to, an alleged invalid assignment of the Lease, insufficient/erroneous rent payments, and other breaches of the Lease. There can be no dispute that adjudication of such issues would render the Complaint – which does nothing but seek temporary relief from HUD regarding rent payments – wholly superfluous. Such an abuse of the federal courts (and HUD) to cure Hamilton Equities' independent mortgage default must not be condoned. *See New York City Health and Hospitals Corp. v. Blum*, 708 F.2d 880, 885 n. 4 (1983) ("to the extent that this action is a stalking horse for a state action for damages, we frown upon resort to the equitable remedy of a declaratory judgment in a federal

court"); *Hospital Association of New York State, Inc. v. Toia*, 577 F.2d 790, 798 (2d Cir. 1978) (declaratory judgment, which may have facilitated claim for monetary relief in the state courts, not an appropriate use of federal judicial resources). Based upon the foregoing lack of finality, as well as the potentially dispositive state court proceeding, Hamilton Equities' claims must be dismissed under the ripeness doctrine for lack of subject matter jurisdiction.

## POINT II

### HAMILTON EQUITIES HAS FAILED TO STATE ANY CLAIM DUE TO ITS FAILURE TO AVAIL ITSELF OF THE ADMINISTRATIVE REMEDY PROVIDED BY THE REGULATORY AGREEMENT

Besides the absence of any final agency action on HUD's part, there is no legal basis, contractual or otherwise, that affords Hamilton Equities the unusual mandamus relief that it requests against HUD (and indirectly against Grand Manor). Indeed, by seeking judicial intervention, Hamilton Equities wholly ignores the administrative remedy, set forth in the Regulatory Agreement, which provides a mechanism to deal with allegedly insufficient rent payments. Specifically, under the Regulatory Agreement, if Hamilton Equities is experiencing a shortfall of aggregate payments over the prior twelve-month calendar or fiscal year period to cover its mortgage and related payments, then the parties "upon request in writing from the [Federal Housing] Commissioner shall renegotiate the amounts due under the lease so that such amounts shall be sufficient to take care of such items."

Here, Hamilton Equities has not availed itself of the administrative remedy provided by the Regulatory Agreement. Hamilton Equities fails to allege that: (1) it experienced any shortfall in aggregate payments over the prior twelve-month calendar or fiscal year period; (2) demonstrated to HUD that it experienced a shortfall in aggregate payments over the prior twelve-

10

2335176v.5

month calendar or fiscal year period; and/or (3) that, as a result of any proven shortfall, HUD issued a written request to renegotiate payments under the Lease. Rather, Hamilton Equities alleges only that it unilaterally asked HUD, without any detailed justification, to undertake a review of Grand Manor's rental payments, and speculates as to why HUD has not taken any action. *See* Complaint, ¶ 25. This is plainly inadequate under the Regulatory Agreement.

Moreover, the mere fact that Hamilton Equities is allegedly losing money under the Lease and cannot pay its mortgage with Berkadia, even if true, does not allow Hamilton Equities to immediately seek judicial intervention. Again, there is no final agency action under the Regulatory Agreement which would bring this matter before this Court's subject matter jurisdiction, and inaction alone does not suffice. *See Seafarers Int'l Union of N. Am., AFL-CIO v. U.S. Coast Guard*, 736 F.2d at 27-28 ("inaction simply does not constitute final agency action").

Dismissal is thus warranted in the absence of any alleged compliance by Hamilton Equities with the Regulatory Agreement.

## CONCLUSION

For all the reasons set forth above, Grand Manor's motion to dismiss should be granted dismissing Hamilton Equities' Complaint as a matter of law.

Dated: Great Neck, New York
December 21 2012

GARFUNKEL WILD, P.C.
*Attorneys For Plaintiff / Third Party Defendants*

By: _____*/s/ Roy W. Breitenbach*_____
Roy W. Breitenbach
Jason Hsi
111 Great Neck Road
Great Neck, New York 11021
(516) 393-2200

11

2335176v.5