UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GRAND MANOR HEALTH RELATED FACILITY, INC.,
Plaintiff,

– against –

HAMILTON EQUITIES COMPANY, HAMILTON EQUITIES, INC., ROBERT NOVA, SUZAN CHAIT-GRANDT, MACRON & COWHEY, P.C., and JOHN MACRON,
Defendants.

Case No.: 12 Civ. 4916 (JGK)

HAMILTON EQUITIES COMPANY, HAMILTON EQUITIES, INC., ROBERT NOVA, SUZAN CHAIT-GRANDT, MACRON & COWHEY, P.C., and JOHN MACRON,
Defendants/
Interpleading Plaintiffs,

– against –

BERKADIA COMMERCIAL MORTGAGE, LLC and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,
Interpleaded Defendants.

HAMILTON EQUITIES COMPANY, HAMILTON EQUITIES, INC., ROBERT NOVA, SUZAN CHAIT-GRANDT, MACRON & COWHEY, P.C., and JOHN MACRON,
Defendants/
Third-Party Plaintiffs,

– against –

GRAND MANOR HEALTH RELATED FACILITY, GARFUNKEL WILD, P.C., ROY W. BREITENBACH, ESQ., and MARTIN LIEBMAN.,
Third-Party Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE SUPPLEMENTAL INTERPLEADER COMPLAINT AS AGAINST BERKADIA COMMERCIAL MORTGAGE, LLC

**ZEICHNER ELLMAN & KRAUSE LLP**
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 4

ARGUMENT ..... 4

POINT I THE COURT SHOULD DISMISS HAMILTON EQUITIES' CLAIM SEEKING AN ORDER DIRECTING BERKADIA TO APPLY FOR THE APPOINTMENT OF A RENT RECEIVER ..... 4

A. Motion to Dismiss Standard ..... 4

B. Hamilton Equities Cannot Meet Its Burden Of Proof In Support Of Its Claim For A Mandatory Injunction Compelling Interpleader Defendant Berkadia To Seek Appointment Of A Receiver Of Rents ..... 6

C. The Plain Terms Of The Mortgage Provide That Appointment Of A Receiver Is A Remedy Exclusive To The Mortgagee, In The Event of Default ..... 8

D. There Is No Equitable Basis For The Relief Sought By Hamilton Equities ..... 11

CONCLUSION ..... 13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Alert Synteks, Inc. v. Jerry Spencer, L.P.,
151 S.W.3d 246 (Tex. App. 2004) .......... 12

Ashcroft v. Iqbal,
129 S.Ct. 1937 (2009) .......... 5, 6

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,
493 F.3d 87 (2d Cir. 2007) .......... 5

Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp.,
719 F.2d 42 .......... 6

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) .......... 5

Chambers v. Blickle Ford Sales, Inc.,
313 F.2d 252 (2d Cir. 1963) .......... 11

Chatham-Phenix Nat'l Bank & Trust Co. v. Hotel Park-Central, Inc.,
146 Misc. 208 (N.Y. Sup. Ct. 1931) .......... 11, 12

Citibank, N.A. v. Citytrust,
756 F.2d 273 (2d Cir. 1985) .......... 6

Citibank, N.A. v. Nyland (CF8) Ltd.,
839 F.2d 93 (2d Cir. 1988) .......... 3, 11

General Acc. Fire & Life Assur. Corp. v. Martino,
12 Misc 2d 935, 175 N.Y.S.2d 894 (1958) .......... 9

Goldstein v. Pataki,
516 F.3d 50 (2d Cir. 2008) .......... 5

Jackson Diary, Inc. v. H.P. Hood & Sons, Inc.,
596 F.2d 70 (2d Cir. 1979) .......... 6

Johnson v. Kay,
860 F.2d 529 (2d Cir. 1988) .......... 7

Meyer Jewelry Co. v. Meyer Holdings, Inc.,
906 F. Supp. 428 (E.D. Mich. 1995) .......... 12

Parkattan Corp. v. Coster,
87 NYS2d 795 ........ 9

Rosen v. Siegel,
106 F.3d 28 (2d Cir. 1997) ........ 12

Seligman v. Burg,
233 A.D. 221, 251 N.Y.S. 689 (A.D. 2 Dept. 1931) ........ 10

Societe Generale v. Charles & Co. Acquisition, Inc.,
157 Misc. 2d 643 (N.Y. Sup. Ct. 1993) ........ 12

Sovereign Bank v. 347 E. 173 LC,
2011 U.S. Dist. LEXIS 71820 (S.D.N.Y. June 29, 2011) ........ 3, 11

UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc.,
760 F. Supp. 2d 373 (S.D.N.Y. 2011) ........ 6

**STATUTES**

New York Real Property Law § 254(10) ........ 3, 9, 10

**RULES**

Fed. R. Civ. P. 8(a)(2) ........ 6

Fed. R. Civ. P. 12(b)(6) ........ 4

## PRELIMINARY STATEMENT

The court should dismiss Hamilton Equities' baseless claim seeking an order compelling Berkadia to apply for the appointment of a receiver of rents, for a variety of reasons.

By any measure, Hamilton Equities' claim seeks a mandatory injunction compelling Berkadia to exercise its rights under the Mortgage to apply for a rent receiver. To obtain a preliminary injunction, Hamilton Equities has the burden of proving (a) irreparable harm; and (b) either: (1) a likelihood of success on the merits; or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly toward the party requesting such preliminary relief.

The Supplemental Complaint fails to allege facts demonstrating either irreparable harm, a likelihood on success in the merits (or serious issues going to the merits), nor does it state any facts demonstrating that a balance of the hardships tips in Hamilton Equities' favor. (See Mem. of Law, Point 1b.)

Instead, Hamilton Equities merely speculates about potential harm and refers in conclusory terms to a purported need to protect the property from the "predations" of plaintiff Grand Manor. (See Supp. Interpleader Compl. Ad Damnum Clause.) In truth, this claim appears to be nothing more than a thinly veiled attempt by Hamilton Equities to preempt and/or circumvent the pending verdict of the Bronx Supreme Court, where

substantially the same issues addressed in the Supplemental Interpleader Complaint were heard at trial and upon which a decision of the trial court is pending. (See Supp. Interpleader Compl. ¶ 26.) Significantly, Hamilton Equities also admits that it has entered into a court sanctioned stipulation with Grand Manor agreeing to preserve the status quo by accepting regular payments of monthly rent in agreed amounts, while they await the Bronx Supreme Court trial verdict. (See Supp. Interpleader Compl. ¶ 27.) Thus, Hamilton Equities' own admissions confirming its court approved agreement to preserve the status quo regarding rent payments, pending the decision of the Bronx Supreme Court, which verdict may well provide Hamilton Equities with the relief it seeks, fatally discredit its misguided attempt to seek mandatory injunctive relief.

Mortgagee Berkadia neither seeks, nor desires the appointment of a receiver, as Hamilton Equities is presently current with its mortgage payments and the costs associated with such unwarranted receivership would necessarily result in expense, including reasonable fees of the receivership, which will be prejudicial to Berkadia. (See Mason Decl. ¶ 5) Clearly, the balance of the hardships does not favor Hamilton Equities. (See Mem. of Law, Point 1b.)

In addition, the plain language of the Mortgage provides that the Mortgagee Berkadia alone is authorized to seek the appointment of a receiver, and then, only in the event of a default. (See Mortgage Agmt. ¶ 5, attached as an Exhibit to the Supplemental Interpleader Complaint.) Despite periodic late payments, mortgagor Hamilton Equities is presently current with its mortgage payments. (See Mason Decl.

¶ 3.[1]) Thus, Berkadia does not seek the appointment of a receiver at this time, both because it is not necessary for the security of the mortgage, and because it does not wish to incur the costs of a receivership. (See Mason Decl. ¶ 5.) (See Mem. of Law, Point 1c.)

There is simply no basis in law for Hamilton Equities' extraordinary request for an order compelling Berkadia to seek a receivership. Indeed, under New York Real Property Law § 254(10), the right to appointment of a receiver in the event of a mortgage default is defined as exclusively belonging to the "mortgagee, his heirs, successors and assigns." Not surprisingly, Hamilton Equities fails to cite a single legal authority to support its unjustified request for an order compelling a mortgagee to seek appointment of a receiver.

Moreover, there are no equitable grounds to justify Hamilton Equities' claim seeking an order compelling Berkadia to apply for the appointment of a receiver. The law in New York is clear that appointment of a receiver is an "extraordinary remedy" which should be granted only when it is clearly necessary to protect a mortgagee's interest in the property. See Sovereign Bank v. 347 E. 173 LC, 2011 U.S. Dist. LEXIS 71820, at *6 (S.D.N.Y. June 29, 2011) (citing Citibank, N.A. v. Nyland (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988)). For the reasons stated, such necessity does not exist in this case. (See Mem. of Law, Point 1d.)

---

1 To the limited extent that the Mason Declaration addresses matters outside the Supplemental Interpleader Complaint and the exhibits thereto, we respectfully request that the Court consider such information pursuant to Federal Rule 12(d) and convert this motion to a motion for summary judgment under Federal Rule 56.

As there are no evidentiary facts supporting the propriety of the appointment of a rent receiver in this action, the court should dismiss the Supplemental Interpleader Complaint as against Berkadia in all respects. (See Mem. of Law, Point 1a.)

## STATEMENT OF FACTS

The facts are fully set forth in the Declaration of Michael Mason, a Vice President of Berkadia Commercial Mortgage, LLC, dated December 12, 2012, which accompanies this Memorandum of Law, the Supplemental Interpleader Complaint (see Exhibit A to the Declaration of Steven S. Rand, Esq., dated December 21, 2012), and the Memorandum of Law in Support of Motion to Dismiss The Interpleader Complaint as to United States Department of Housing and Urban Development ("HUD"), dated October 15, 2012.

## ARGUMENT

### POINT I

### THE COURT SHOULD DISMISS HAMILTON EQUITIES' CLAIM SEEKING AN ORDER DIRECTING BERKADIA TO APPLY FOR THE APPOINTMENT OF A RENT RECEIVER

#### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal of a Complaint where Plaintiff has "fail[ed] to state a claim upon which relief can be granted." In determining whether a Complaint states a claim, the Court construes the Complaint liberally and accepts all well-pleaded factual allegations as true. However, a

plaintiff must show the "grounds of his entitle[ment] to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) ("plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level") (quoting Twombly, 127 S.Ct. at 1964) (internal quotations and citation omitted); Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir. 2008).

The U.S. Supreme Court expounded and clarified this standard in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). In discussing Twombly's requirement that a Complaint must state a plausible claim to relief on its face, the Iqbal court noted, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [while] it asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 129 S.Ct. at 1949.

The Iqbal court described Twombly's two-pronged approach in analyzing sufficiency by noting that Complaints which consist merely of legal conclusions are not entitled to the assumption of truth. The court held, "while legal conclusions can provide the frameworks of a Complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. However, "where well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the Complaint has alleged but it has not "shown -- that the pleader is entitled to relief." Id. citing Fed. Rule Civ. Proc. 8(a)(2).

Plaintiff's Supplemental Interpleader Complaint as against Berkadia is laden with legal conclusions and factual deficiencies rendering it unworthy of an assumption of truth. Because of the paucity of factual allegations against Berkadia, the Supplemental Complaint is bereft of specific allegations of improper conduct necessary for the court to infer even the possibility of misconduct, let alone an entitlement to relief. Plaintiff has failed to assert facts in support of its claim against Berkadia for an order compelling Berkadia to seek the appointment of a rent receiver, and as a result, this claim is not plausible on its face. It should therefore be dismissed in all respects.

**B. Hamilton Equities Cannot Meet Its Burden Of Proof In Support Of Its Claim For A Mandatory Injunction Compelling Interpleader Defendant Berkadia To Seek Appointment Of A Receiver Of Rents**

To obtain a preliminary injunction in this Circuit, the moving party has the burden of showing (a) irreparable harm; and (b) either: (1) a likelihood of success on the merits; or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly toward the party requesting such preliminary relief. See UBS Fin. Servs. v. W. Va. Univ. Hosps., Inc., 760 F. Supp. 2d 373 (S.D.N.Y. 2011); see also Citibank, N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir. 1985) (quoting Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp., 719 F.2d 42, 45 (quoting Jackson Diary, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979))). The burden upon the moving parties is heightened when the movants, as plaintiffs do here,

seek to disturb the status quo by ordering affirmative relief, as opposed to preserving the status quo by prohibiting the non-movant from altering the status quo:

> Where … the grant of the preliminary injunction will give the movant essentially all the relief [she] seeks, the injunction is often deemed mandatory rather than prohibitory, and a somewhat higher standard is applied, under which the movant must show a substantial likelihood of success on the merits, rather than merely a likelihood of success.

Johnson v. Kay, 860 F.2d 529, 540 (2d Cir. 1988); see also id. at 541 ("Mandatory injunctions, for which the higher standard is appropriate, are those that disturb the status quo by ordering affirmative relief, while prohibitory injunctions preserve the status quo.")

Here, Hamilton Equities merely speculates about potential harm and refers in conclusory terms to a purported need to protect the property from the "predations" of plaintiff Grand Manor. (See Supp. Interpleader Compl. Ad Damnum Clause.) In truth, this claim appears to be nothing more than a thinly veiled attempt by Hamilton Equities to preempt and/or circumvent the pending verdict of the Bronx Supreme Court, where substantially the same issues addressed in the Supplemental Complaint were heard at trial and upon which a decision of the trial court is pending. (See Supp. Interpleader Compl. ¶¶ 26, 28.) Significantly, Hamilton Equities also admits that it has entered into a court sanctioned stipulation with Grand Manor agreeing to preserve the status quo by accepting regular payments of monthly rent in agreed amounts, while they await the trial verdict of the Bronx Supreme Court. (See Supp. Interpleader Compl. ¶ 27.) Thus, Hamilton Equities' own admissions confirming its court approved agreement to preserve the status

quo regarding rent payments pending the decision of the Bronx Supreme Court, which verdict may well provide Hamilton Equities with the relief it seeks, fatally discredit its misguided attempt for mandatory injunctive relief.

Moreover, Mortgagee Berkadia neither seeks, nor desires the appointment of a receiver, as Hamilton Equities is presently current with its mortgage payments and the expense associated with such unwarranted receivership would necessarily result in costs, including reasonable fees of the receivership, which will be prejudicial to Berkadia. (See Mason Decl. ¶ 5.) Clearly, the balance of the hardships does not favor Hamilton Equities.

Accordingly, Hamilton has failed to sustain its burden of proving that it will be irreparably harmed if its request for the court to order Berkadia to apply for receivership is denied, fails to establish a probability of success on the merits and fails to establish that the balance of hardships favor it.

Therefore, this court should dismiss the claim against Berkadia in all respects.

**C. The Plain Terms Of The Mortgage Provide That Appointment Of A Receiver Is A Remedy Exclusive To The Mortgagee, In The Event of Default**

The receiver clause in the Mortgage expressly states:

> The mortgagor further covenants as follows:
>
> … 5. that upon default hereunder, Mortgagee shall be entitled to the appointment of a receiver by any court having jurisdiction, without notice, to take possession and

> protect the property described herein and operate same and collect the rents profits and income therefrom…

It is well-settled that when, as in this case, language of a mortgage contract is plain and clear there is no need to resort to other means of interpretation. General Acc. Fire & Life Assur. Corp. v. Martino, 12 Misc 2d 935, 175 N.Y.S.2d 894 (1958). The plain language of the receiver clause at issue, therefore, contemplates a Hamilton default, before Berkadia might avail itself of its remedy to seek appointment of a receiver. Hamilton Equities is not presently in default in payment of the Mortgage. (See Mason Decl. ¶ 3.) Accordingly, the express terms of the receiver clause of the Mortgage does not support appointment of a receiver in this instance.

Where, as here, an express Mortgage agreement exists between the parties, N.Y. Real Property Actions and Proceedings Law ("RPL") § 254(10) applies. RPL § 254(10) states the following:

> the clause stating that the holder of 'this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver,' must be construed as meaning that 'the mortgagee, his heirs, successors or assigns, in any action to foreclose the mortgage, shall be entitled, without notice and without regard to adequacy of any security of the debt, to the appointment of a receiver of the rents and profits of the premises covered by the mortgage.' (emphasis added)

When interpreting statutes, courts follow the "plain language" application of words. See Parkattan Corp. v. Coster, 87 NYS2d 795, 797(1949) (principle that plain language may not be overridden to avoid an undesirable result in a particular application of

the law). Furthermore, it is well-settled that if parties intend to not be controlled by the statutory construction of RPL § 254(10), the parties need to readily evince their intention through "apt language". Seligman v. Burg, 233 A.D. 221, 224, 251 N.Y.S. 689 (A.D. 2 Dept. 1931).

> [If the parties] desire to contract with each other in a manner different from that stated in the statute. They can, by apt language, readily evince such a contrary intention. If they fail to do so, that is, use language upon which a statutory interpretation has been placed, then the instrument should not be construed to evince an intention contrary to the statutory construction.

Id. 224.

RPL § 254(10) and the mortgage receiver clause at issue, therefore, establish that the appointment of a receiver is a remedy exclusive to Berkadia, and applicable only in the event of a default. As discussed, Berkadia does not wish to take steps to appoint a receiver, as Hamilton Equities is presently current with its monthly mortgage payments. (See Mason Decl. ¶ 3.) Indeed, there is no perceived benefit to Berkadia to seek the appointment of a receiver.

For this reason, as well, Hamilton Equities' claim for an order compelling Berkadia to seek a rent receiver should be dismissed.

**D. There Is No Equitable Basis For The Relief Sought By Hamilton Equities**

Hamilton has also failed to assert equitable grounds to justify appointment of a receiver in this case. The appointment of a receiver is an "extraordinary remedy," which should be employed cautiously and granted only when clearly necessary to protect a plaintiff's interests in the property. Sovereign Bank, 2011 U.S. Dist. LEXIS 71820, at * 6 (citing Nyland, 839 F.2d at 97); Chambers v. Blickle Ford Sales, Inc., 313 F.2d 252, 260 (2d Cir. 1963).

It is well-settled that courts appoint receivers when necessary for the security and protection of the indebtedness secured by the mortgage, but will deny applications for the appointment of a receiver where they find that the parties' interests in the subject property can be protected by more benign means. Chatham-Phenix Nat'l Bank & Trust Co. v. Hotel Park-Central, Inc., 146 Misc. 208 (N.Y. Sup. Ct. 1931).

Hamilton's request should be dismissed because Hamilton failed to state specific facts pointing to the need for a receiver. As noted in its Complaint, Hamilton Equities merely refers to a need to protect the property and its estate from the ill-defined "predations" of Grand Manor. This is an insufficient basis on which to justify a receivership.

In Chatham-Phenix, the defendant opposed the plaintiff's motion for the appointment of a receiver as unnecessary and detrimental to the best interest of the parties. In its moving papers, plaintiff stated that a reorganization plan between the parties was

almost complete. Id. As the Court explained, the plaintiff's "moving papers fail[ed] to disclose that a receivership [would] or [could] achieve anything which the reorganization plan [could] not accomplish." Id. at 209. Accordingly, the court concluded that equity justified the denial of a receivership because the appointment appeared unnecessary, duplicative of action already taken, and, in fact, could result in "appreciable and irreparable mischief." Id. Here, as in Chatham-Phenix, there exists a court sanctioned agreement among the parties to preserve the status quo, pending a trial verdict of the Bronx Supreme Court on the merits, (see Suppl. Interpleader Compl. ¶¶ 26-28), all of which makes the appointment of a receiver unnecessary. Hamilton, therefore, has other remedies at law which make the appointment of a receiver inappropriate at this time. See Rosen v. Siegel, 106 F.3d 28 (2d Cir. 1997) (court declines to appoint receiver and works closely with the parties to achieve the same results).[2]

Courts have also recognized that appointing a receiver may also unnecessarily increase the cost of litigation and thus should be granted only when necessary to protect the interests of the mortgagee. Societe Generale v. Charles & Co. Acquisition, Inc., 157 Misc. 2d 643, 597 (N.Y. Sup. Ct. 1993) (denying motion to appoint where a condominium unit in foreclosure is sufficient security for the accruing common charges, but where there is no claim of deterioration).

---

[2] See also Alert Synteks, Inc. v. Jerry Spencer, L.P., 151 S.W.3d 246, 252 (Tex. App. 2004) (trial court abused its discretion in appointing a receiver where there was no evidence in the record that other adequate remedies were not available); Meyer Jewelry Co. v. Meyer Holdings, Inc., 906 F. Supp. 428 (E.D. Mich. 1995) (no receivership where money damages are available to claimants in a minority shareholder lawsuit).

In sum, this Court should reject Hamilton Equities' request to order Berkadia to apply for receivership because such a remedy is unnecessary and drastic, there has been no default to trigger such a remedy here, and Hamilton Equities has failed to allege sufficient facts to sustain its burden of proving that there is any justification for mandatory injunctive relief.

## CONCLUSION

For all of the foregoing reasons, the Court should decline to direct Berkadia to apply for the appointment of a receiver and dismiss the petition in its entirety.

Dated: New York, New York
December 21, 2012

ZEICHNER ELLMAN & KRAUSE LLP

By:____________________
Steven S. Rand
Tarique N. Collins
Attorneys for
Berkadia Commercial Mortgage, LLC
575 Lexington Avenue
New York, New York 10022
(212) 223-0400