UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GRAND MANOR HEALTH RELATED FACILITY,   :
INC.,                                                                        :
                                        Plaintiff,            :
            v.                                                             :
                                                                            :
HAMILTON EQUITIES COMPANT, HAMILTON    :
EQUITIES, INC., ROBERT NOVA, SUZAN          : 12 Civ. 4916 (JGK)
CHAIT-GRANDT; MACRON & COWHEY. P.C.,  :
and JOHN MACRON,                                       :
                                        Defendants.        :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HAMILTON EQUITIES COMPANY, HAMILTON   :
EQUITIES, INC., ROBERT NOVA, SUZAN          :
CHAIT-GRANDT; MACRON & COWHEY, P.C.,  :
and JOHN MACRON,                                       :
                                        Defendants/        :
                                 Interpleading Plaintiffs,  :
            v.                                                             :
                                                                            :
BERKADIA COMMERCIAL MORTGAGE, LLC    :
and UNITED STATES DEPARTMENT OF         :
HOUSING AND URBAN DEVELOPMENT,       :
                                                                            :
                                 Interpleaded              :
                                 Defendants.               :
                                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HAMILTON EQUITIES COMPANY, HAMILTON   :
EQUITIES, INC., ROBERT NOVA, SUZAN          :
CHAIT-GRANDT; MACRON & COWHEY, P.C.,  :
and JOHN MACRON,                                       :
                                                                            :
                                        Defendants/        :
                                 Third Party Plaintiffs,   :
            v.                                                             :
                                                                            :
GRAND MANOR HEALTH RELATED FACILITY,  :
GARFUNKEL WILD P.C., ROY W.                      :
BREITENBACH, ESQ. and MARTIN LIEBMAN,  :
                                                                            :
                                 Third Party Defendants.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF INTERVENOR, GRAND MANOR'S MOTION TO DISMISS THE AMENDED INTERPLEADER COMPLAINT AS TO DEFENDANTS, BERKADIA AND THE UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD)**

**MACRON & COWHEY, P.C.**
**Attorneys for Hamilton Equities Company,**
**Hamilton Equities, Inc., Robert Nova and Suzan**
**Chait-Grandt**

**January 4, 2013**

PRELIMINARY STATEMENT

Grand Manor Health Related Facility, Inc. [Grand Manor] urges this Court to dismiss Hamilton's Supplemental Interpleader Complaint against HUD and Berkadia on the grounds that its "tenancy" at the premises owned by Hamilton will be adversely affected if the Complaint stands. The current "tenancy" of Grand Manor arises out of a stipulation pending decision in the matters sub judice in the Bronx Court.  The relief sought in this matter against HUD and Berkadia would have no impact on that stipulation.  As no relief is sought against Grand Manor in the Supplemental Interpleader Complaint, and the granting of the relief requested against HUD and Berkadia would have no adverse effect on Grand Manor, exposing it only to an obligation to make payments to a receiver instead of to Hamilton—and to a review by HUD of rent payments made by it—Grand Manor's motion should be denied.  The granting of the relief requested by Hamilton against HUD and Berkadia would have no impact on Grand Manor's tenancy unless the receiver or HUD find some deficiency or irregularity in Grand Manor's occupancy of the premises, calculations and/or operations.  Absent some such deficiency or irregularity, Grand Manor has no reason to object to the relief sought.  Grand Manor cannot say that granting of the relief requested against HUD and Berkadia would affect their tenancy because they have no tenancy other than as specified in the Stipulation entered in the Bronx.

STATEMENT OF FACTS

Grand Manor Health Related Facility, Inc. [Grand Manor] occupies the premises owned by Hamilton pursuant to a stipulation entered into in the Bronx court pending the outcome of

several matters that were tried on a consolidated basis there last year.  Grand Manor is not the original tenant and is not a signatory to the Lease, the Amended Lease or the Regulatory Agreement concerning the premises, although it is currently the de facto operator of the nursing home business that was started decades ago around the time the Regulatory Agreements were negotiated, prepared and signed.  As such, it is bound and governed by HUD and HUD's regulatory authority.

## LEGAL ARGUMENT

Grand Manor argues that the Amended Interpleader Complaint should be dismissed because Hamilton has failed to pursue an administrative remedy against HUD.  The Amended Complaint and the information contained in the Affidavit of John Macron prove otherwise.   For over three years, Hamilton has made every possible effort to seek a review of rents from HUD, to no avail. Grand Manor argues that the Amended Interpleader Complaint should be dismissed because Hamilton seeks relief in the nature of mandamus, a disfavored remedy.  As noted New York City Health and Hospitals Corp. v. Heckler, 593 F. Supp. 226, 231 (S.D.N.Y. 1984) mandamus is a writ which will not issue unless (1) the plaintiffs have a right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief.  In the case at bar, there are factual disputes as to certain issues, including the chronology of events at HUD, and those facts must be resolved for a determination to be made as to the just result.  Grand Manor asks the Court to dismiss Hamilton's complaint on the grounds that mandamus is an unusual form of relief. However, if all the allegations of the Supplemental Interpleader Complaint are accepted as true, which they must be on a motion to dismiss, mandamus relief would be appropriate.  Further, the

record now, even before discovery has been allowed, demonstrates a series of events that warrant judicial attention and resolution.  A dismissal of the Supplemental Interpleader Complaint would be a miscarriage of justice.  Justice requires that Hamilton be afforded the opportunity to pursue its claim, conduct discovery and obtain vindication of its rights under the Regulatory Agreements and the Regulatory scheme established by HUD.   Absent that opportunity, Hamilton may lose its property to foreclosure as a result of HUD's disinterest and/or passivity.  While it is true that the relief sought is discretionary and perhaps not common or favored, there is no doubt that this court has the authority to grant it and the jurisdiction to retain this case.

Grand Manor argues that the First Cause of Action in the Supplemental Interpleader Complaint should be dismissed because it seeks a declaratory judgment as to issues raised in the Bronx Court in the litigation.  We are not seeking a Declaratory Judgment; nor are we seeking a temporary Injunction. The relief sought is an Order compelling HUD to perform its duties so as to protect the property and secure the mortgage insured by it.  We seek discovery on HUD's actions in connection with the operations and activities at the premises owned by Hamilton and which are mortgaged pursuant to the Regulatory Agreements.

Grand Manor argues that the Second and Third Causes of Action should be dismissed because only one month of insufficient rent was pleaded in the complaint.    However, the Affidavit of John Macron contains information to rebut this contention.  The rent insufficiencies are detailed over a period of 22 months.  This information was supplied to HUD and HUD took no action.

Grand Manor argues that the Fourth Cause of Action seeking the appointment of a receiver to protect the property and its earnings from the predations of Grand Manor should be

dismissed because it is "rooted in a desire for Berkadia to mitigate its damages against Hamilton Equities."  No argument is offered to suggest that a desire for Berkadia to mitigate both its and Hamilton's damages is wrong.  Indeed, mitigation of damages is a fundamental legal principle.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in our memoranda in response to similar motions by HUD and Berkadia, it is respectfully requested that the Court deny Grand Manor's  motion  to dismiss the Amended Interpleader Complaint.

Dated:          New York, New York
                January 4, 2013
                                              Macron & Cowhey, P.C.
                                        By:   */s/ John J. Macron*
                                              John J. Macron