```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
GRAND MANOR HEALTH RELATED FACILITY,   :
INC.,                                  :
                        Plaintiff,     :
     v.                                :
                                       :
HAMILTON EQUITIES COMPANT, HAMILTON    :
EQUITIES, INC., ROBERT NOVA, SUZAN     : 12 Civ. 4916 (JGK)
CHAIT-GRANDT; MACRON & COWHEY. P.C.,   :
and JOHN MACRON,                       :
                        Defendants.    :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HAMILTON EQUITIES COMPANY, HAMILTON    :
EQUITIES, INC., ROBERT NOVA, SUZAN     :
CHAIT-GRANDT; MACRON & COWHEY, P.C.,   :
and JOHN MACRON,                       :
                                       :
                        Defendants/    :
                   Interpleading Plaintiffs, :
     v.                                :
                                       :
BERKADIA COMMERCIAL MORTGAGE, LLC      :
and UNITED STATES DEPARTMENT OF        :
HOUSING AND URBAN DEVELOPMENT,         :
                                       :
                        Interpleaded   :
                        Defendants.    :
                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
HAMILTON EQUITIES COMPANY, HAMILTON    :
EQUITIES, INC., ROBERT NOVA, SUZAN     :
CHAIT-GRANDT; MACRON & COWHEY, P.C.,   :
and JOHN MACRON,                       :
                                       :
                        Defendants/    :
                   Third Party Plaintiffs, :
     v.                                :
                                       :
GRAND MANOR HEALTH RELATED FACILITY,   :
GARFUNKEL WILD P.C., ROY W.            :
BREITENBACH, ESQ. and MARTIN LIEBMAN,  :
                                       :
                   Third Party Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS THE SUPPLEMENTAL INTERPLEADER COMPLAINT AS AGAINST BERKADIA COMMERCIAL MORTGAGE, LLC**

        **MACRON & COWHEY, P.C.**
        **Attorneys for Hamilton Equities Company,**
        **Hamilton Equities, Inc., Robert Nova and Suzan**
        **Chait-Grandt**

**January 4, 2013**

PRELIMINARY STATEMENT

Berkadia Commercial Mortgage, LLC [Berkadia] holds a Mortgage on real property located at 700 White Plains Road, Bronx, New York. The property is owned by Hamilton and it is occupied by Grand Manor Health Related Facility, Inc. [Grand Manor]. Grand Manor Health Related Facility, Inc. operates a nursing home business at the property. The operation of a nursing home business at the location by Grand Manor's predecessors is what permitted this Mortgage to be insured by HUD. The Mortgagor is Hamilton, the owner of the property and landlord to Grand Manor's predecessors.

Berkadia has filed a motion to dismiss, relying in part on a Declaration by a Vice-President of Berkadia, Michael Mason, wherein Mr. Mason states that Berkadia, as Mortgagee, does not wish to appoint a receiver, at this time, because the payments are current and it would impose a cost burden on Berkadia to do so. Berkadia argues that the Mortgagor has no right to seek the appointment of a Receiver, and that the right to a Receiver is a contractual right that belongs only to the Mortgagee. They further argue that the balance of hardships does not favor Hamilton. We urge the Court to consider the significant hardship and injustice that would result to Hamilton if the dismissal motions by Berkadia and HUD are granted. The subject Mortgage is insured by HUD under Regulatory Agreements and a protocol established by HUD at the time the mortgage was issued. That protocol contemplated and mandated that the Mortgage would be paid out of and covered by rents derived from the lessee's income and operations at the property. Under this particular scenario, the Mortgagor ought to have a right to a Receivership because without it, the Mortgagor faces significant potential risk of loss. The Mortgagee has no appreciable risk because the mortgage is insured by HUD. HUD has no appreciable risk because

2

it can assign and sell the Mortgage starting a chain of events that will result in foreclose on Hamilton's property.  Grand Manor has no appreciable risk because its payments, though inadequate to cover the rent, do not endanger its continued operations so long as litigation persists.  Absent a Receiver being appointed to collect rents from Grand Manor and to insure that those rents are adequate to pay the mortgage, the Mortgagor has no remedy against the probability of losing its property to assignment, sale and ultimate foreclosure on the Mortgage.

That this Mortgage is insured by HUD essentially guarantees that Berkadia will be made whole in the event of default.  That this Mortgage is insured by HUD permits Grand Manor to reap the benefit of using and occupying Hamilton's property—while bearing no risk in the event of default.  Indeed, the lessee could arguably purchase the building if HUD and Berkadia assert their remedies in the event of default.  And in that case, even though assignment, sale and foreclosure of the mortgage result from the lessee's breach of its obligation to pay adequate rent, as mandated and promised by HUD when the loan was made, Hamilton loses while the other parties herein pay no price.  We submit that the relief sought by Berkadia, Grand Manor and HUD is manifestly unjust.  Berkadia threatens Hamilton with default, collects late fees and counsel fees while sitting on its rights because it holds a risk free Mortgage.  Berkadia continues to benefit from receipt of mortgage payments, late fee payments and counsel fee payments all borne by Hamilton.  Grand Manor Health Related Facility, Inc. operates a profitable business on property owned by Hamilton and if, by their refusal to pay the rents contemplated in the Regulatory Agreements, Hamilton loses its property, neither Berkadia nor Grand Manor will suffer any loss.  Hamilton, on the other hand, surely will suffer a loss and HUD may or may not suffer a loss, depending on whether it is able to assign or sell an interest in Hamilton's property for a price sufficient to cover the Mortgage.  HUD has no incentive to seek more than what is

3

owed, nor would HUD have any reason to look further than Grand Manor itself for a potential purchaser. All this operates to the severe detriment of Hamilton. On the other hand, if Grand Manor truly believes that its rent payments are legal and adequate, it should have no rational objection to making those same payments to a receiver. Balancing all the equities clearly warrants the appointment of a receiver to be appointed to collect the rents and pay the mortgage. This would protect Hamilton's interest at no cost to HUD or Grand Manor and at minimal cost to Berkadia. That is what Hamilton seeks by way of the Amended Interpleader Complaint. The relief sought is equitable, fair, just and reasonable. To dismiss the claims for it, on the technical grounds urged by Berkadia ignores the totality of the circumstances.

## STATEMENT OF FACTS

Berkadia has supplemented the Facts with a Declaration of Michael Mason, Vice President of Berkadia which states in essence that Berkadia does not at this time seek appointment of a receiver of rents because Hamilton is current with its payments. The Mason declarations acknowledges that in the past Hamilton has been late with payments. Late fees, penalties and counsel fees have been paid to Berkadia by Hamilton. Berkadia has asked this Court to dismiss the claims against it under Rule 12 (b)(6) or in the alternative to convert the matter to a motion for Summary Judgment and to decide in Berkadia's favor under Rule 56.

Berkadia urges this Court to deny Hamilton's request for appointment of a rent receiver because they, as the mortgagee, do not desire to incur the expense associated with a receivership, noting that Hamilton is not currently in default. They do not deny that Hamilton has been declared in default in the past. Nor can they deny that by consistently receiving insufficient rent payments, Hamilton is close to default at any given time.

Berkadia suggests that Hamilton has no contractual or other right to the relief sought and that the balance of the hardships does not favor Hamilton. Berkadia argues that Hamilton is seeking to disturb the status quo because a Stipulation in the Bronx dictated what the rent payments were to be. However, Grand Manor actually disturbed the status quo by withholding rents, in violation of that Stipulation. Berkadia is sitting on its rights, while Hamilton pays the price—including the cost of Berkadia's counsel.

## LEGAL ARGUMENT

Berkadia argues that they are entitled to Summary Judgment because the appointment of a receiver is an extraordinary remedy that should not be applied in the facts of this case. Berkadia relies on <u>Sovereign Bank v. 347 E. 173 LC,</u> 2011 US Dist. Lexis 71820 at 6 (SDNY June 29, 2011) citing <u>Citibank N.A. v. Nyland (CF8) Ltd.</u> 839 F. 2d 93, 97 (2d Cir. 1988). In <u>Citibank N.A.</u>, an injunction granting the appointment of a receiver was upheld on appeal. The court noted that "the appointment of a receiver is considered to be an extraordinary remedy", and that the remedy should be employed cautiously and granted only when clearly necessary to protect plaintiff's interests in the property. While Hamilton is not seeking an injunction, this decision is instructive in that it focused on the need for a receiver where it is clearly necessary to protect a property interest. There is little room to doubt that if Hamilton is precluded from seeking the relief demanded in the amended supplemental complaint, that foreclosure is inevitable. We ask the Court to consider the balance of equity and fairness. If Berkadia and HUD are satisfied that Grand Manor is not violating the Regulatory Agreement, then they should be willing to stipulate to accept whatever Grand Manor pays as rent in full satisfaction of Hamilton's monthly obligations under the Regulatory Agreement. If not, then they must concede that the payment

protocol and procedure established when the mortgage was made are not being followed.  If Berkadia is unwilling to bear the relatively minimal cost of appointing a receiver, then will they at least agree to disgorge the attorneys fees and late fees they have received from Hamilton over the period of time at issue herein?   Hamilton has no remedy other than to seek to compel Berkadia and HUD to pursue their rights to enforce the mortgage and the Regulatory Agreements.  Hamilton owns the property encumbered by this mortgage and while not obliged to pay it other than from revenues obtained from Grand Manor, Hamilton will lose its property if it does not keep the mortgage current.  We respectfully ask that the court deny Berkadia's motion to dismiss and  permit Hamilton, in the interests of justice, to pursue its claims in this court.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in our Memoranda in opposition to similar motions by Grand Manor and HUD, it is respectfully requested that the Court deny Berkadia's motion to dismiss the Supplemental Interpleader Complaint.

Dated:     New York, New York
           January 4, 2013

                                        Macron & Cowhey, P.C.
                              By:       */s/ John J. Macron*
                                        John J. Macron