UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRAND MANOR HEALTH RELATED FACILITY, INC.,<br>         Plaintiff,<br>  – against –<br>HAMILTON EQUITIES COMPANY, HAMILTON EQUITIES, INC., ROBERT NOVA, SUZAN CHAIT-GRANDT, MACRON & COWHEY, P.C., and JOHN MACRON,<br>         Defendants. | Case No.: 12 Civ. 4916 (JGK) |
| HAMILTON EQUITIES COMPANY, HAMILTON EQUITIES, INC., ROBERT NOVA, SUZAN CHAIT-GRANDT, MACRON & COWHEY, P.C., and JOHN MACRON,<br>        Defendants/<br>        Interpleading Plaintiffs,<br>  – against –<br>BERKADIA COMMERCIAL MORTGAGE, LLC and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br>        Interpleaded Defendants. | |
| HAMILTON EQUITIES COMPANY, HAMILTON EQUITIES, INC., ROBERT NOVA, SUZAN CHAIT-GRANDT, MACRON & COWHEY, P.C., and JOHN MACRON,<br>        Defendants/<br>        Third-Party Plaintiffs,<br>  – against –<br>GRAND MANOR HEALTH RELATED FACILITY, GARFUNKEL WILD, P.C., ROY W. BREITENBACH, ESQ., and MARTIN LIEBMAN.,<br>        Third-Party Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OF BERKADIA TO DISMISS SUPPLEMENTAL INTERPLEADER COMPLAINT**

ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .............................................................................................................................. 2

POINT I    THE COURT SHOULD DISMISS HAMILTON EQUITIES' CLAIM SEEKING AN ORDER COMPELLING BERKADIA TO APPLY FOR THE APPOINTMENT OF A RENT RECEIVER ............................................................ 2

    A.    Hamilton Equities Fails To Provide Adequate Equitable Or Legal Basis For Its Extraordinary Request ............................................. 2

CONCLUSION .......................................................................................................................... 4

## PRELIMINARY STATEMENT

Hamilton Equities' claim seeking an order compelling Berkadia to apply for appointment of a receiver of rents should be dismissed, as the Supplemental Interpleader Complaint is devoid of specific allegations necessary to support its claim for relief, such that the claim against Berkadia is not plausible on its face.

Hamilton Equities has failed to meet its burden of proving its entitlement to a mandatory injunction. Specifically, Hamilton Equities has failed to allege facts demonstrating either irreparable harm, a likelihood of success on the merits, or serious issues going to the merits. Moreover, the facts which Hamilton Equities alleges do not demonstrate that a balance of the hardships tips in its favor.

Hamilton Equities' extraordinary request for an order compelling the appointment of a receiver should be denied in all respects. Hamilton Equities' claim is so tenuous that it was unable to offer any legal support for the relief it seeks. Therefore, the Court should dismiss the Supplemental Interpleader Complaint as against Berkadia in all respects.

## ARGUMENT

### POINT I

### THE COURT SHOULD DISMISS HAMILTON EQUITIES' CLAIM SEEKING AN ORDER COMPELLING BERKADIA TO APPLY FOR THE APPOINTMENT OF A RENT RECEIVER

**A.     Hamilton Equities Fails To Provide Adequate Equitable Or Legal Basis For Its Extraordinary Request**

Although Hamilton Equities demands a preliminary injunction compelling Berkadia to seek appointment of a rent receiver. Hamilton Equities has failed to demonstrate (a) irreparable harm; and (b) either: (1) a likelihood of success on the merits; or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly toward the party requesting such preliminary relief. See Memorandum of Law in Support of Motion to Dismiss the Supplemental Interpleader Complaint as against Berkadia (the "Memorandum of Law," Point 1B). Speculation about potential harm and a purported, yet unsubstantiated need to protect the property is not sufficient to establish that the balance of the hardships decidedly favors Hamilton Equities.

Moreover, Hamilton Equities concedes that it entered into a court sanctioned stipulation with Grand Manor agreeing to preserve the status quo by accepting regular payments of monthly rent in agreed amounts while the parties await the Bronx Supreme Court trial verdict. (See Suppl. Interpleader Complaint ¶ 27.) Plainly, the balance of the equities do not favor Hamilton Equities. Indeed, Hamilton Equities is

presently current with its mortgage payments and the expense associated with such an unwarranted receivership would necessarily result in costs, including reasonable fees of the receivership, which will be prejudicial to Berkadia. Hamilton Equities' claim should, therefore, be dismissed.

Hamilton Equities fails to cite any legal authority to support its misguided request. Hamilton Equities merely points to the case, Citibank, N.A. v. Nyland (CF8) Ltd., 839 F.2d 93, 97 (2d Cir. 1988), as "instructive" because, Hamilton Equities argues, that case focused on the need for a receiver where it was clearly necessary. Nyland is wholly distinguishable, however, because there, it was the mortgagee who sought the appointment of a receiver after a loan default, in an attempt to foreclose the mortgage and that decision was based on a finding of "irreparable harm to the premises," an evidentiary threshold which Hamilton Equities has abjectly failed to establish here.

There is no justification for appointment of a receiver in this case, particularly since Hamilton Equities is current with its mortgage payments and the plain terms of the mortgage provide that appointment of a receiver is a remedy exclusive to the mortgagee, and then only in the event of a default. (See Memorandum of Law, Point 1C and Mason Decl. ¶ 3.) Moreover, there is a court approved agreement to preserve the status quo regarding rent payments, pending the decision of the Bronx Supreme Court, which verdict may well provide Hamilton Equities with the relief it seeks. (See Memorandum of Law, Point 1B.)

Hamilton Equities' claim should be rejected because it improperly seeks remedies to which it is not entitled; which would operate to the detriment of Berkadia's legal and financial interests, and which are plainly implausible on their face.

As there are neither evidentiary facts nor legal authority supporting the propriety of the appointment of a rent receiver in this action, the Court should dismiss the Supplemental Interpleader Complaint as against Berkadia in all respects.

## CONCLUSION

For all of the foregoing reasons, the Court should decline to direct Berkadia to apply for the appointment of a receiver and dismiss the Supplemental Interpleader Complaint in its entirety.

Dated: New York, New York
January 18, 2013

ZEICHNER ELLMAN & KRAUSE LLP

By:_____
Steven S. Rand
Tarique Collins
Attorneys for Berkadia Commercial Mortgage, LLC
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

#696575v2/TNC/3228.138