UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
GRAND MANOR HEALTH RELATED FACILITY, :
INC., :
 :
                  Plaintiff, :
  -against- :
 : 12 Civ. 4916 (JGK)
HAMILTON EQUITIES COMPANY, HAMILTON :
EQUITIES, INC., ROBERT NOVA, SUZAN :
CHAIT-GRANDT; MACRON & COWHEY, P.C., :
and JOHN MACRON, :
 :
                  Defendants. :
 :
------------------------------------- x
HAMILTON EQUITIES COMPANY, HAMILTON :
EQUITIES, INC., ROBERT NOVA, SUZAN :
CHAIT-GRANDT; MACRON & COWHEY, P.C., :
and JOHN MACRON, :
 :
               Defendants/ :
             Interpleading Plaintiffs, :
  -against- :
 :
BERKADIA COMMERCIAL MORTGAGE, LLC :
and UNITED STATES DEPARTMENT OF :
HOUSING ND URBAN DEVELOPMENT, :
 :
              Interpleaded :
              Defendants. :
------------------------------------- x
HAMILTON EQUITIES COMPANY, HAMILTON :
EQUITIES, INC., ROBERT NOVA, SUZAN :
CHAIT-GRANDT; MACRON & COWHEY, P.C., :
and JOHN MACRON, :
 :
             Defendants/ :
             Third Party Plaintiffs, :
  -against- :
 :
GRAND MANOR HEALTH RELATED FACILITY, :
GARFUNKEL WILD, P.C., ROY W. :
BREITENBACH, ESQ. and MARTIN LIEBMAN, :
 :
             Third Party Defendants. :
------------------------------------- x

2358577v.3

**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF PLAINTIFF
INTERVENOR'S MOTION TO DISMISS THE
SUPPLEMENTAL INTERPLEADER COMPLAINT**

GARFUNKEL WILD, P.C.
*Attorneys for Plaintiff / Third Party Defendants*
111 Great Neck Road
Great Neck, New York  11021
(516) 393-2200

Of Counsel:
Roy W. Breitenbach, Esq.
Jason Hsi, Esq.

2358577v.3

**PRELIMINARY STATEMENT**

In its opposition to Grand Manor's motion to dismiss, Hamilton Equities finally sheds light on its *ex parte* communications with HUD to support its claim that it pursued certain administrative remedies through HUD, as required by Grand Manor's Regulatory Agreement. The problem, however, is that even assuming Hamilton Equities' allegations are all true – while they most certainly are not – Hamilton Equities has still failed to allege any final agency action by HUD that might give rise to this Court's subject matter jurisdiction. This undisputed absence of final agency action, as well as the lack of any hardship in the event that its requested relief is denied, is fatal to Hamilton Equities' claims against HUD and Berkadia.

To be sure, this is not a case where a request made to HUD would be futile. Indeed, HUD has been involved in the parties' various disputes and attentive to the parties' claims, including disbursing monies from the Reserve for Replacement Fund to cover Hamilton Equities' substantial mortgage arrears in August 2012.[1] However, HUD simply has not chosen to act at this time with regard to Hamilton Equities' meritless arguments, assuming HUD is even under an obligation to do so.

Accordingly, this Court should dismiss the Supplemental Interpleader Complaint (the "Complaint") for lack of subject matter jurisdiction because the claims are not ripe for adjudication, and where there is no prejudice to Hamilton Equities. Even if Hamilton Equities could invoke the Court's jurisdiction, the Complaint should nonetheless be dismissed for the

---

[1] Grand Manor reserves the right to contest, among other things, the impropriety of HUD's disbursement from the Reserve for Replacement Fund for non-capital expenditures, and Hamilton Equities' application of such disbursements for its personal uses, *i.e.* its mortgage arrears. It should be noted that $2/3^{rd}$ of the Reserve for Replacement Fund monies were contributed by Grand Manor to the Reserve for Replacement Fund under the parties' Lease; such trust monies must be used solely for capital improvements at the Premises, or returned to Grand Manor upon the satisfaction of Hamilton Equities' mortgage.

1

reasons stated in HUD and Berkadia's respective motions to dismiss, *i.e.* Hamilton Equities has no right of relief against HUD, among other reasons, to compel discretionary acts, nor claims against Berkadia to impose a receiver where none is warranted. In addition, the numerous complaints about purported rent deficiencies in Hamilton Equities' opposing papers have already been fully addressed by the Supreme Court, Bronx County, and are completely irrelevant to the limited matters properly before this Court.

## ARGUMENT

### THIS COURT HAS NO SUBJECT MATTER JURISDICTION OVER HAMILTON EQUITIES' CLAIMS, WHICH ARE NOT RIPE FOR JUDICIAL REVIEW

As set forth in Grand Manor's moving papers, courts apply a two-pronged test for determining whether a matter is ripe for review: (1) whether the issues tendered are appropriate for judicial resolution; and (2) whether the parties would encounter hardship if relief were denied. *See Abbott Laboratories v. Gardner*, 387 U.S. 136 (1966); *also Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005) (citing *Abbott Laboratories*). If the matter is not ripe for review, the Court must dismiss for the lack of subject matter jurisdiction over the claims. *See Simmonds v. I.N.S.*, 326 F.3d 351, 357 (2d Cir. 2003).

As set forth below, the Affidavit of John Macron fundamentally concedes that there is no final agency action by HUD, such that the issues raised are not appropriate for judicial intervention, and that Hamilton Equities is not currently experiencing any hardship, since Berkadia represents that the prior material defaults under Hamilton Equities' mortgage have been cured.

A.     **Hamilton Equities Fails To Allege Final Agency Action**

Based upon the Affidavit of John Macron and the Complaint, Hamilton Equities plainly admits that HUD has not performed any final agency action with respect to the allegedly insufficient payments of rent by Grand Manor under the Lease.  In the absence of any final agency action, the Court thus lacks subject matter jurisdiction. 5 U.S.C. § 704; *Air Espana v. Brien*, 165 F.3d 148, 152 (2d Cir. 1999) ("requirement of finality is jurisdictional").

At most, Hamilton Equities describes various back-and-forth attempts to convince HUD that Grand Manor was in breach of the Lease for allegedly insufficient rent payments, non-renewal of the Lease, and other disputed issues with Grand Manor.  *See generally* Macron Aff. In fact, Hamilton Equities concedes that HUD has already taken certain actions to assist Hamilton Equities with meeting its mortgage obligations, including an alleged loan from the Reserve for Replacement Fund ("RRF"), a reduction of Hamilton Equities' payments into the RRF and a disbursement from the RRF to pay the mortgage arrears in August 2012.  *Id.*

Despite HUD's repeated efforts to assist Hamilton Equities, however, at no time does Hamilton Equities describe any involvement by HUD in connection with the parties' rent disputes.  Hamilton Equities refers to one email as a purported denial of relief by Mr. Chlystek on June 14, 2012, but clearly mischaracterizes the statements made by Mr. Chlystek therein.  To be sure, Mr. Chlystek states nothing about a denial of relief; rather, he merely states that "I understand Mr. Nova and the Operator of Grand Manor are using the court system to settle their differences.  HUD is not a party to those lawsuits.  Hamilton Equities is responsible to make monthly mortgage payments separate from any differences with the operator that may arise." Thus, HUD's reminder to Hamilton Equities that it must satisfy its underlying obligations regardless of any disputes with Grand Manor is clearly different than an explicit denial of relief.

3

Accordingly, where Hamilton Equities' claims for relief highlight the fact that no final agency action has been performed (at least with respect to the rent payments), this Court must dismiss Hamilton Equities' claims for lack of subject matter jurisdiction because the matter is not ripe for review. *See Seafarers Int'l Union of N. Am., AFL-CIO v. U.S. Coast Guard*, 736 F.2d 19, 27-28 (2d Cir. 1984) (complaint dismissed because "inaction simply does not constitute final agency action").

### B. Hamilton Equities Will Not Suffer Any Hardship If Its Claims Are Dismissed

Hamilton Equities likewise cannot establish that it will suffer hardship if the relief it requested is denied. Hamilton Equities plainly concedes that it is not in default under its mortgage with Berkadia, a fact which is confirmed in Berkadia's motion papers as well. *See* Affidavit of Michael Mason. Thus, there are no threats of foreclosure by Berkadia, no threats of assignment of rights to HUD, nor any other alleged actions that are pending or contemplated against Hamilton Equities.

Furthermore, to the extent that Hamilton Equities asserts that future payments of rent might be insufficient, such issues are already *sub judice* before the New York State Supreme Court, which conducted a trial over a year ago. Thus, withholding judicial review will have no adverse impact on Hamilton Equities or otherwise prejudice its rights in any manner.

## CONCLUSION

For all the reasons set forth above, Grand Manor's motion to dismiss should be granted dismissing Hamilton Equities' Complaint as a matter of law.

Dated: Great Neck, New York
January 18, 2013

GARFUNKEL WILD, P.C.
*Attorneys For Plaintiff / Third Party Defendants*

By:      */s/ Roy W. Breitenbach*
        Roy W. Breitenbach
        Jason Hsi
111 Great Neck Road
Great Neck, New York  11021
(516) 393-2200